MATTER OF SANABRIA

In Adjustment of Status Proceedings

A-12446809

*Decided by Regional Commissioner March 13, 1967*

Admission as a crewman does not preclude a native and citizen of Cuba from establishing eligibility for adjustment of status under section 1 of the Act of November 2, 1966.

This matter is before the Regional Commissioner on certification by the District Director at Hartford, Connecticut who has ordered that the application for permanent residence be approved.

The applicant is an unmarried Cuban citizen, born December 15, 1941 at Havana, Cuba. He was first admitted to the United States at Miami, Florida on November 26, 1960 as a nonimmigrant crewman under section 101(a)(15)(D) of the Immigration and Nationality Act, as amended. He made four subsequent entries in the same capacity, the last on April 15, 1961. On August 7, 1961, he was granted indefinite voluntary departure as a Cuban refugee.

The record further discloses that the alien was arrested in New York City on June 6, 1965 while operating an automobile which he had borrowed from a friend. In the vehicle were found a watch, automatic pistol and movie camera, all of which had been stolen from a home in Fairfield, Connecticut. The applicant was charged with violation of section 1897 of the New York State Penal Law (carrying a dangerous weapon), but the charge was dismissed. As a result of the same incident, he was rearrested at Fairfield, Connecticut on June 21, 1965 and charged with breaking and entering with criminal intent and receiving stolen goods in violation of Connecticut General Statutes 53-76 and 53-65. The first count was "nolled" in the Circuit Court at Fairfield on July 17, 1965. He was convicted on the second count of receiving stolen goods valued under $250 and was fined $50. This crime is classifiable as a petty offense under section 1(3) of Title 18, United States Code, thereby overcoming the element of excludability under section 212(a)(9) of the Immigration and Nationality Act, as

amended. This is the applicant's only conviction for violation of law and there are no other derogatory factors in his case.

The instant Form I-485A, Application by Cuban Refugee for Permanent Residence, was filed by the alien on December 7, 1966 under the provisions of section 1 of the Act of November 2, 1966 (Public Law 89-732) which states as follows:

* * * That, notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. Upon approval of such an application for adjustment of status, the Attorney General shall create a record of the alien's admission for permanent residence as of a date thirty months prior to the filing of such an application or the date of his last arrival into the United States, whichever date is later. The provisions of this Act shall be applicable to the spouse and child of any alien described in this subsection, regardless of their citizenship and place of birth, who are residing with such alien in the United States.

In the matter at hand, the issue has been raised as to whether the applicant, who entered the United States as a crewman, is eligible to adjust his status to that of a permanent resident in view of section 245 of the Immigration and Nationality Act, as amended, which provides in pertinent part as follows:

(a) The status of an alien, *other than an alien crewman*, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved.

*     *     *     *     *     *     *

(c) The provisions of this section shall not be applicable to any alien who is a native of any country of the Western Hemisphere or of any adjacent island named in section 101(b)(5). (Emphasis supplied)

The introductory clause of the Act of November 2, 1966 exempts any alien who is a native or citizen of Cuba from the restrictive provisions of section 245(c) of the Immigration and Nationality Act, as amended, insofar as removing the bar to adjustment for natives of the Western Hemisphere and adjacent islands. However, the Act of November 2, 1966 is not amendatory legislation to section 245 of the Immigration and Nationality Act, but rather provides a means for

granting Cuban refugees permanent residence which is separate and distinct from section 245(a). Therefore, we find that the restriction on crewmen contained in section 245(a) is not applicable to aliens who are eligible in every other respect for adjustment of status as Cuban refugees. This position is further buttressed by the language of section 1 of the Act of November 2, 1966 which states that ". . . the status of *any alien* who is a native or citizen of Cuba * * * may be adjusted. . . ." (Emphasis supplied). Under the circumstances, the following order will be entered.

*It is ordered* that the application for permanent residence be approved and that the alien's admission be recorded as of June 7, 1964.